```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

                                  :
KUKIA R. FARRISH
                                  :
    v.                            :   Civil Action No. DKC 16-1429
                                  :
NAVY FEDERAL CREDIT UNION
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to dismiss filed by Defendant Navy Federal Credit Union ("Defendant"). (ECF No. 13). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background**

Plaintiff Kukia Farrish ("Plaintiff") filed a complaint against Defendant in the District Court of Maryland for Prince George's County on April 8, 2016. (ECF No. 2). The only details provided in Plaintiff's complaint are the following "particulars of this case":

> Credit card (Cash Rewards Card)
> payments weren't applied properly excessive interest
> Broken FDCPA laws on collection
> Calls (TCPA) harassing me
> false credit report reported
> Financial theft
> ATM deposit wasn't properly inputed

>       los[s] of $300 for Clinton branch
>       threatened to close my account and they did.
>       They caused me pain and suffering and
>       embarrassment.

(*Id.*). Defendant removed the case to federal court because the complaint appears to allege violations of federal statutes, specifically the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 1, at 2). Defendant filed its motion to dismiss on May 19. (ECF No. 13). Plaintiff responded (ECF No. 15), and Defendant replied (ECF No. 16).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in the complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

**III. Analysis**

The court has examined the Complaint and finds that it does not comply with federal pleading requirements. It is well-settled law that the allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Instead of a concise statement of facts underlying her cause of action, the Complaint contains a list of unsupported conclusions.  Even after affording the matter a generous construction, the court cannot determine the precise nature of Plaintiff's claims.  Responding to Defendant's motion to dismiss, Plaintiff has provided information that is somewhat more detailed.  (ECF No. 15, at 1-3).  However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); see *Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

Accordingly, Defendant's motion to dismiss will be granted, and the court will allow Plaintiff to file an amended complaint.  Should Plaintiff file an amended complaint, she must identify each of the laws and federal statutes on which this civil action is predicated and what specific acts or omissions by Defendant allegedly violated those laws.  She is reminded to put the same case number on any amended complaint.

...

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Navy Federal Credit Union will be granted. A separate order will follow.

                                              /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge