IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KUKIA R. FARRISH          :
                          :
                          :
    v.                    :   Civil Action No. DKC 16-1429
                          :
NAVY FEDERAL CREDIT UNION :
                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this debt collection case is the motion to dismiss filed by Defendant Navy Federal Credit Union ("Defendant"). (ECF No. 21). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

I.  **Background**[1]

Plaintiff filed the first complaint in the District Court of Maryland for Prince George's County on April 8, 2016. (ECF No. 1). Defendant removed the case to federal court on May 12. (*Id.*). Defendant filed a motion to dismiss on May 19, and Plaintiff responded. (ECF Nos. 13; 15). The court dismissed that complaint on March 2, 2017 for failure to state a claim but allowed Plaintiff leave to file an amended complaint. (ECF No.

---

[1] Unless otherwise noted, the facts outlined here are set forth in the amended complaint and construed in the light most favorable to Plaintiff.

18). Plaintiff filed an amended complaint on March 10, 2017, alleging a variety of wrongful acts and violations of five statutes. (ECF No. 20).

Plaintiff alleges that Defendant called her cell phone, home, and the account joint-owner's cell phone "with a[n] automatic voice [message] stating that I owe a balance with them" and that Defendant called her over "ten times with a human collection department[.]" (ECF No. 20, ¶ 1). Plaintiff further alleges that Defendant "restrict[ed] all six of [her] accounts" and called the "credit bureau reporting errors on [Defendant's] part, but never updated the account." (*Id.* ¶ 2). Plaintiff also alleges that Defendant did not give her any credit card statements for over a year and took money from her account to satisfy a debt that she lacked information about. (*Id.* ¶ 3). Plaintiff alleges that Defendant took money from her accounts and then charged her to run an audit which "should've been free." (*Id.* ¶ 4). Plaintiff alleges that Defendant set-up "post[-]dated payment arrangement[s] without [her] knowledge for excessive amounts[.]" *(Id.* ¶ 5).

Defendant moved to dismiss Plaintiff's claims on March 24, 2017. (ECF No. 21). Plaintiff has not responded, despite receiving notice of the opportunity and necessity to respond. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (ECF No. 22).

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any

reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F.Supp.2d 811, 825 (D.Md. 2013) (internal quotation marks omitted). "Where no

4

opportunity is given to amend the complaint, the dismissal should generally be without prejudice." *Adams v. Sw. Va. Reg'l Jail Authority*, 524 F.App'x 899, 900 (4th Cir. 2013). Nevertheless, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F.Supp.2d at 826; *see McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) ("While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless.") (internal citation omitted). Plaintiff was given an opportunity to amend her original complaint and she did so. She has not, however, responded to Defendant's motion to dismiss the amended complaint.

**III. Analysis**

    **A. Telephone Consumer Protection Act**

Plaintiff claims a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Plaintiff alleges that Defendant persisted in calling her about a debt despite "three cease and desist letters." (ECF No. 20, ¶ 1). Defendant argues that the TCPA does not apply to "calls made by a party attempting to collect a debt owed to it[.]" (ECF No.

21-1, at 3) (quoting *Gray v. Wittstadt Title & Escrow Co., LLC*, No. 4:11CV11, 2011 WL 6139521, *4 (E.D.Va. Nov. 28, 2011), *aff'd*, 475 F.App'x 461 (4th Cir. 2012)).

The TCPA prohibits certain problematic telephone solicitation practices. 47 U.S.C. § 227(b). In enacting the TCPA, Congress allowed the Federal Communications Commission ("FCC") to exempt certain phone calls from the TCPA's protections. 47 U.S.C. § 227(b)(1)(B). Under this authority, the FCC has exempted calls "made for a commercial purpose but do[] not include or introduce an advertisement or constitute telemarketing." 47 C.F.R. § 64.1200(a)(3)(iii). This exemption includes "a debt collection call on behalf of the company holding the debt[.]" *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8773, ¶ 39 (July 26, 1995); *Rantz-Kennedy v. Discover Fin. Servs.*, No. CCB-12-2853, 2013 WL 3167912, *3 (D.Md. 2013) ("Courts interpreting this regulation routinely hold that debt collection calls to residences, even those made to non-debtors, fit within this exemption."); *Worsham v. Acct. Receivables Mgmt., Inc.*, No. JKB-10-3051, 2011 WL 5873107, *5 (D.Md. Nov. 22, 2011) ("[D]ebt collection calls fit within an exemption to the TCPA's prohibition on prerecorded messages for calls that do not adversely affect the privacy rights that [the

TCPA] is intended to protect and do not include the transmission of any unsolicited advertisement.").

Here, Plaintiff has alleged that Defendant made calls "stating that [she] owe[d] a balance with them" on her credit card. (ECF No. 20 ¶ 1). A balance on a credit card is the amount of money due on a credit card, and, thus, the identified calls were made to collect a debt. *See* 15 U.S.C. § 1692a(5). Therefore, these calls were exempt from the TCPA's protections. No additional allegations could cure this defect. Thus, Plaintiff's TCPA claim will be dismissed with prejudice.

   B.   **Fair Credit Billing Act**

Plaintiff claims a violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.* Plaintiff alleges that her "cash rewards credit card was closed" and that she and Defendant's representative then "transferred funds from [her] checking account of $800.00 paying a past due amount . . . . [Defendant] called the credit bureau reporting errors on [Defendant's] part, but never updated the account." (ECF No. 20, ¶ 2). Defendant argues this information is insufficient to state a claim under the FCBA, and that any claim is time barred. (ECF No. 21-1, at 5-6).

"To succeed on an FCBA claim, a plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to

7

comply with the procedural requirements of § 1666." *Murr v. Capital One Bank (USA), N.A.*, 28 F.Supp.3d 575, 593 (E.D.Va. 2014) (internal quotation marks omitted); *Rigby v. FIA Card Servs., N.A.*, 490 F.App'x 230, 235 (11th Cir. 2012); *Beaumont v. Citibank (South Dakota) N.A.*, No. DLC-01-cv-3993, 2002 WL 483431, *3 (S.D.N.Y. March 28, 2002). Moreover, such a claim must be filed within one year of the alleged violation. Plaintiff has not alleged a billing error. Plaintiff admits to authorizing the transfer of $800.00 and does not allege that the "cash rewards [card] was closed" in error. *See* 15 U.S.C. § 1666(b). Plaintiff also fails to allege that she notified Defendant of any error within sixty days of receiving the error or that Defendant failed to follow the FCBA's procedural requirements. *See* 15 U.S.C. § 1666(a). In addition, any such claim would have arisen in 2012 and the complaint was not filed until 2016, indicating that the one year statute of limitations is a bar. Although the statute of limitations is an affirmative defense, and ordinarily is not considered on a motion to dismiss, this is one of those rare circumstances where the facts relevant to the defense are alleged in the complaint. Furthermore, Plaintiff's failure to respond to the motion indicates an abandonment of the claim and certainly deprives the court of any reason to question the assertions made by

Defendant. Accordingly, Plaintiff's FCBA claim will be dismissed with prejudice.

**C. Truth in Lending Act**[2]

Plaintiff claims a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* She alleges that, after she agreed to paperless billing, Defendant "froze [her] accounts online due to [her] credit card having a balance, so [she] had not received ANY statements in ANY form for over a year, because [she] didn't have online access, even after [she had] ask[ed] them to change it back to mail." (ECF No. 20, ¶ 3) (emphasis in original). Defendant argues that this claim is time-barred by the TILA's one-year statute of limitations. (ECF No. 21-1, at 6-7).

The TILA requires a "creditor" to make certain disclosures to the obligor "for each billing cycle at the end of which there is an outstanding balance in that account[.]" 15 U.S.C. § 1637(b). Plaintiff appears to allege that she did not receive those disclosures. The amended complaint, however, does not say when she lost access to the statements and when she regained

---

[2] The amended complaint asserts a violation of "the CCA, 15 U.S.C. § 1637(b)[.]" (ECF No. 20, ¶ 3). 15 U.S.C. § 1637 is part of the Truth In Lending Act. *See* PL 93–495 (HR 11221), PL 93–495, Oct. 28, 1974, 88 Stat 1500. The reference to "CCA" may have been a mistake as the Consumer Credit Protection Act ("CCPA") is the full name of the law which is commonly known by reference to its first title, the Truth in Lending Act ("TILA"). *See Gerasta v. Hibernia Nat'l Bank*, 411 F.Supp. 176, 181 (E.D.La. 1975); 12 C.F.R. § 226.1(a).

9

access via mail. As such, the complaint fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (internal quotation marks and alteration omitted). Defendant's motion posits, without contradiction, that Plaintiff is alleging that she failed to receive statements until April 2013, well more than one year prior to the filing of this action. Therefore, Plaintiff's claim of a TILA violation will be dismissed with prejudice.

**D.  Fair Debt Collection Practices Act**

Plaintiff claims a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff alleges that Defendant "continued to seek and steal more than supposed amounts . . . to resolve this made up debt, from 4 of my different accounts." (ECF No. 20, ¶ 4). Defendant asserts that they are not a debt collector for the purposes of the FDCPA. (ECF No. 21-1, at 7-8).

The FDCPA only applies to debt collectors and defines a "debt collector" as an entity "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added). In comparison, the FDCPA defines a "creditor" as an entity "who offers or extends credit creating a debt." § 1692a(4). Even when a creditor collects a debt, it is not

collecting a debt due another, and, therefore, the FDCPA does not apply to creditors. 15 U.S.C. §§ 1692a(4), 1692a(6). Thus, "the FDCPA does not apply to any person collecting on a debt that it 'originated.'" *Ademiluyi v. PennyMac Morg. Inv. Trust Holdings I, LLC*, 929 F.Supp.2d 502, 525 (D.Md. 2013) (quoting 15 U.S.C. § 1692a(6)(F)(ii)). Here, Defendant issued the credit card it was attempting to collect on and therefore it is not subject to the FDCPA. *Hart v. P. Rehab of Md., P.A.*, No. ELH-12-2608, 2013 WL 5212309, at *10 (D.Md. Sept. 13, 2013) ("The FDCPA does not, however, apply to creditors collecting debts in their own names"); *Ausar-El v. Barclay Bank Delaware*, No. PJM-12-0082, 2012 WL 3137151, at *2 (D.Md. July 31, 2012) ("It follows, as numerous courts have held, that creditors collecting their own debts are not 'debt collectors' for the purposes of the FDCPA."). Thus, the FDCPA claim will be dismissed with prejudice.

**E.   Electronic Funds Transfer Act**

Plaintiff claims violations of two sections of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*. Plaintiff first alleges that Defendant violated 15 U.S.C. § 1693h stating that she had "made 12 month arrangements to ensure [Defendant] and [herself] that there is no issue with payment EXCEPT for the balance due. [Defendant] never in 4 year set up the arrangements . . . . [She would] get declined

11

somewhere, call the bank, and accounts [were] frozen . . . and funds were available." (ECF No. 20, ¶ 5) (emphasis in the original). Defendant argues that Plaintiff has failed to identify a transfer covered by the EFTA and that any claim is time-barred.

Plaintiff's complaint does not identify which provision of 15 U.S.C. § 1693h was violated. Plaintiff may be making a claim that failing to authorize credit card transactions, when funds were available, violated the EFTA. (ECF No. 20, ¶ 5). The EFTA, however, only "applies to electronic fund transfers from a 'consumer account,' which is defined as a 'demand deposit, savings deposit, or other asset account.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (quoting 15 U.S.C. § 1693a(2)). "'Importantly, because [the] EFTA deals with electronic funds transferred directly from bank accounts, it applies to debit cards, but not credit cards.'" *White v. Chase Bank USA, N.A.*, No. 5:16-cv-00176-BR, 2017 WL 1131898, *5 (E.D.N.C. March 24, 2017) (quoting *Walker v. JPMorgan Chase Bank, N.A.*, No. 13:2100-JDT-dkv, 2013 WL 2151713, at *5 (W.D.Tenn. May 16, 2013); *Sanford*, 625 F.3d at 560 ("[The EFTA] does not apply to credit-based transactions."). Therefore, Defendant's failure to authorize Plaintiff's credit card transaction is not a violation of the EFTA, and thus Plaintiff has failed to state a claim under the EFTA.

Plaintiff may also be alleging that Defendant allowed for a greater than due amount to be taken from her account on a regular basis. (ECF No. 20, ¶ 5). Under the EFTA, a financial institution is liable for its "failure to stop payment of a preauthorized transfer from a consumer's account when instructed to do so[.]" 15 U.S.C. § 1693h(3). The second amended complaint, however, does not clearly state whether the transfers were unauthorized, what, if any, instructions Plaintiff gave Defendant, and when the transfers were made. Obviously, without this information, the amended complaint does not disclose adequate information. As with the other claims, however, the facts alleged indicate that any claim arose more than a year prior to the filing of the complaint and is barred. Therefore, Plaintiff's claim under 15 U.S.C. § 1693h will be dismissed with prejudice.

Plaintiff also claims a violation of 15 U.S.C. § 1693f. Plaintiff alleges that Defendant "set[] up postdated payment arrangement[s] without [her] knowledge for excessive amounts, several times a month, to pay a questionable past due balance[] . . . . [and] communicat[ed] through mail to [her] joint owner regarding [her] cash reward credit card." Defendant argues that there are not sufficient facts to determine if there was an unauthorized transfer and whether Plaintiff properly disputed

the transaction.  Defendant asserts, regardless, the claim is untimely.  (ECF No. 21-1, at 9).

15 U.S.C. § 1693f provides relief for consumers when they notify a financial institution about an error within sixty days of receiving documentation of the error.  § 1693f(a).  In such a situation, the financial institution "shall investigate the alleged error" and provide the consumer with a report about the investigation within ten business days.  *Id.; Gale v. Hyde Park Bank*, 384 F.3d 451, 453 (7th Cir. 2004).  In support of her Section 1693f, Plaintiff fails to allege that she contacted the Defendant, provided them with the required information, or that Defendant then failed to investigate.  Indeed, Plaintiff has failed to identify the specific error and has instead made accusations potentially unrelated to the statute at issue.  As such, Plaintiff has failed to provide "a short and plain statement showing that [she] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  As with the other claims, any violation would have arisen more than a year prior to the filing of this complaint.  Therefore, Plaintiff's claim pursuant to 15 U.S.C. § 1693f will be dismissed with prejudice.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Navy Federal Credit Union, (ECF No. 21), will be granted.  A separate order will follow.

                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge