IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

                                :
KUKIA R. FARRISH
                                :

    v.                          :    Civil Action No. DKC 16-1429

                                :
NAVY FEDERAL CREDIT UNION
                                :

                    **MEMORANDUM OPINION & ORDER**

   The original complaint was dismissed on March 2, 2017. (ECF No. 19). An amended complaint was filed on March 10, (ECF No. 20), and Defendant Navy Federal Credit Union filed a motion to dismiss on March 24. (ECF No. 21). Plaintiff did not respond for over five months. Because Plaintiff failed to oppose Defendant's motion to dismiss and failed to state a claim in her amended complaint, her amended complaint was dismissed with prejudice. (ECF No. 25). After the case was dismissed, the court received a letter from Plaintiff. (ECF No. 26). The correspondence was construed as a motion for reconsideration and denied. (ECF No. 27). Instead of appealing the decision, Plaintiff has sent another letter. (ECF No. 28). As the most recent correspondence was received within 28 days of judgment, it is properly construed as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59. *See MLC Auto., LLC v. Town of S.*

*Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Lemon v. Hong*, No. ELH-16-979, 2016 WL 3087451, *2 (D.Md. June 2, 2016).

In this circuit, "there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (3d ed. 2009).

This correspondence contains additional factual allegations but these facts were available when she filed her amended complaint more than six months ago, and, at this stage, Plaintiff cannot supplement her complaint. Therefore, these allegations will not be considered. The correspondence also reiterates criticism about Defendant's handling of problems with Plaintiff's account. Plaintiff already had an opportunity to litigate these issues. If Plaintiff wants review of that decision, Plaintiff must appeal. The correspondence further alleges a breach of contract. This claim is not properly considered in a motion to alter or amend judgment because the claim was not part of the underlying complaint. Attached to the

correspondence is a press release from the Consumer Financial Protection Bureau ("CFPB") about a settlement the CFPB reached with Defendant in a different matter.  This settlement does not show how the facts alleged in Plaintiff's complaint support her legal claim.  In short, Plaintiff has not provided any reason to alter or amend the judgment.  Accordingly, construed as a motion to alter or amend the judgment, Plaintiff's motion is DENIED.

                                                                                      /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge